TIFFT *v.* SHARP and another.

*(Circuit Court, S. D. New York. May 8, 1880.)*

1. PATENTS—IMPROVEMENT ON GAS STOVES.
   The combination of a flange around the top of a burner may make a new burner and a new combination on a burner, so as to be patentable, but the patent would only cover the precise form of burner so made, and would be infringed only by a burner of that exact form, or by such a flange with some other form of burner.
2. WHAT NOT INVENTION.
   Perforations of annular series are mere workmanship, not invention.

In Equity.
*Benj. F. Lee,* for plaintiff.
*Arthur v. Briesen,* for defendants.

WHEELER, D. J. This suit is brought for an alleged infringement of reissued letters patent No. 7,077, granted to the plaintiff, April 25,

*See 7 FED. REP. 208.

1876, for an improvement in gas stoves; the original patent, No. 49,469, having been granted August 15, 1865, to Elijah J. Caldwell and Alexander M. Lesley, on the invention of said Caldwell. Among other defences, defendants deny infringement.

The patent has four claims, the first, second, and fourth of which only are claimed to be infringed. All of them are for combinations of parts. The combination of the first claim is of a perforated diaphragm, through which air and gas pass and become mixed, a chamber between the diaphragm and outlet, and an annular outlet consisting of a series of perforations, through which the material passes from the burner. That of the second claim is of a gas supply-pipe, an air cylinder, a perforated diaphragm above them, through which the air and gas pass, a cap above the diaphragm, and an annular outlet below the top of the cap. And that of the fourth claim is of a laterally-projecting flange, overhanging the outlet, with a burner containing the parts mentioned in the other claims. From all the evidence in the case, it satisfactorily appears that none of these parts by themselves were new to these purposes, except the laterally-projecting flange. The perforations of no annular series had been placed so closely together, probably, as Caldwell placed them, but such series had been made before, and it was mere workmanship, not invention, to make them thicker if they were needed thicker. Perhaps the combination of the flange around the top with the rest of a burner made a new burner, and a new combination in a burner, so as to be patentable; but, if so, the patent would properly cover only the precise form of burner so made, including the flange, and the flange itself, as a part of the patented combination or patented burner. Hence, the patent would not be infringed but by that exact form of burner throughout, or by such a flange with some other form of burner. *Sharp* v. *Tifft*, C. C. S. D. N. Y. Oct. term, 1879. The defendants are not shown to have used either that form of burner or the flange with any other form; therefore, the patent cannot be upheld to an extent broad enough to make what they have done an infringement.

Let the bill be dismissed, with costs.

See 2 FED. REP. 697.